IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

J. LUKE SANDERSON,

    Plaintiff,

v.                                              Case No. 2:23-cv-02487 JTF/tmp

NYE, STIRLING, HALE, MILLER & SWEET, LLP,

    Defendant(s).

**DEFENDANT NYE, STIRLING, HALE, MILLER & SWEET, LLP'S AMENDED MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

    Defendant Nye, Stirling, Hale, Miller & Sweet, LLP ("NSHMS"), pursuant to 28 U.S.C. §1406(a) and/or 28 U.S.C. § 1404(a), moves this Court for an Order transferring this case to the United States District Court ("USDC") for the Central District of California.

## INTRODUCTION

    Plaintiff's claims for attorneys' fees against NSHMS, a California-based law firm, arises out of the brief co-representation by Plaintiff and NSHMS of a California client, in a class action filed in the Central District of California. That case was recently resolved through a Court-approved class action settlement and an award of attorneys' fees to Court-appointed Class counsel. The Central District of California judge approved attorneys' fees that were set forth in the class action settlement agreement which are the subject of Plaintiff's claim.

    Plaintiff was admitted *pro hac vice* in the Central District of California in the California matter. In becoming so admitted in the Central District, Plaintiff agreed to comply with the Rules

of Professional Conduct of the State Bar of California, which include rules governing fee splitting among attorneys.  This further required Plaintiff to become registered for the Central District CM/ECF system, among other things. Notably, the underlying settlement agreement is governed by California law. Finally, the Central District order approving final settlement of the class action settlement and awarding attorneys' fees expressly retained jurisdiction in the Central District to resolve any disputes arising under the settlement agreement.

This matter must be transferred to the Central District of California, the district in which it could have and should have been brought initially. 28 U.S.C. § 1406(a). The Central District of California is the proper venue, has subject matter jurisdiction over the matter, and has retained jurisdiction over all disputes, including fee disputes, arising under the settlement agreement. Furthermore, all parties to this action – including Plaintiff - have previously appeared in the Central District litigation, are subject to the personal jurisdiction of that Court and are amendable to service of process in that district. See F.R.C.P. Rule 5(b)(2)(E).

As acknowledged in Plaintiff's Complaint, Plaintiff initiated contact with NSHMS through the firm's California and Pittsburgh, Pennsylvania offices to inquire about co-counseling on certain cases due to the firm's "experience in handling certain class action lawsuits." (See Plaintiff's Complaint, ¶ 5.)  NSHMS had not previously worked with Plaintiff or his law firm.

On October 9, 2021, NSHMS filed a nationwide civil rights class action lawsuit in the United States District Court for the Central District of California on behalf of its client and putative class representative, Janne Kouri, a California resident, against Federal Express Corporation ("FedEx"), asserting claims under the California Unruh Act and federal Americans with Disabilities Act. Plaintiff was listed among counsel of record for Mr. Kouri.  (See *Kouri v. FedEx,* Case 2:21-cv-08066-SPG-JEM ("*Kouri*") at ECF No 1.)

4872-6772-3638, v. 1

Plaintiff Sanderson served as counsel to Mr. Kouri in this action for a time. As part of this representation, Mr. Sanderson filed a *pro hac vice* petition with the California federal court (sponsored by California resident and NSHMS partner Jonathan Miller) wherein he expressly agreed that his conduct would be subject to the Local Rules of the Central District of California and the California Rules of Professional Responsibility. Shortly after the filing of the complaint, a breakdown in trust occurred between Plaintiff and Mr. Kouri, and Mr. Kouri terminated Plaintiff. See *Kouri* at ECF No. 53.

NSHMS served as Court-appointed Class counsel in the *Kouri* action. The *Kouri* action resolved with a nationwide court approved class action settlement. The *Kouri* Settlement Agreement sets forth in detail the relief obtained from FedEx and provides for the payments of attorneys' fees to Court-appointed Class counsel, subject to court approval. In the order granting Kouri's motions for final approval of class action settlement and for attorneys' fees and costs, the *Kouri* court specifically retained "jurisdiction to enforce the Settlement Agreement and resolve any disputes that might arise during its term."[1] See *Kouri* ECF No. 76 at 18.

The instant claim for fees arises from the California Central District court order awarding fees to NSHMS as Class counsel in the *Kouri* matter. Plaintiff has brought suit in Tennessee against non-Tennessee defendant NSHMS to recover legal fees he claims he is owed in the California federal court action involving a former California-based client over which a California court continues to maintain jurisdiction. This is the wrong district to bring this case, is improper, and the case must be transferred to the Central District of California.

---

[1] See, Order granting Plaintiff's Motions for Final Approval of Class Action Settlement and for Attorneys' fees and Costs. (Exhibit "A")

## BACKGROUND FACTS

On August 8, 2023, the Defendants timely removed this case to this District Court pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446. Previously, on October 9, 2021, NSHMS filed a nationwide civil rights class action lawsuit in the United States District Court for the Central District of California on behalf of its client and putative class representative Kouri against FedEx. Plaintiff, having obtained permission to appear *Pro Hac Vice,* was listed among counsel of record for Mr. Kouri. (See *Kouri v. FedEx,* Case 2:21-cv-08066-SPG-JEM at ECF No 1.)

Shortly after the filing of the complaint, a breakdown in trust occurred between Plaintiff and Mr. Kouri, and Mr. Kouri terminated Plaintiff. See *Kouri* at ECF No. 53.

On May 16, 2022, Plaintiff filed a formal Motion to Withdraw as Counsel. (See *Kouri* at ECF No. 35, 53.) On May 17, 2022, the Court entered a Notice of Deficiencies which pointed out certain deficiencies with Plaintiff's Withdrawal Motion. (See *Kouri* at ECF No. 36.) On that same date—May 17, 2022—Plaintiff, representing Randy Alexander and Memphis Center for Independent Living, filed a nearly identical complaint to Mr. Kouri's complaint against FedEx (including the same few typos that were included in the *Kouri* complaint) in the federal district court for the Western District of Tennessee. Plaintiff filed this copycat complaint despite continuing to serve as counsel of record for Mr. Kouri in his action, and without ever seeking or obtaining Mr. Kouri's consent. (See *Alexander et al. v. Federal Express Corporation*, Case No. 2:22-cv-02302-JPM-tmp (W.D. Tenn., May 17, 2022), at ECF No. 1.7.  On May 18, 2022, the *Kouri* Court struck Plaintiff's Withdrawal motion in the *Kouri* action. (See *Kouri* ECF No. 37.)

On May 25, 2022, while still counsel of record in the *Kouri* matter, Plaintiff appeared before the Honorable Jon Phipps McCalla in the *Alexander* matter. When directly asked about his withdrawal from the *Kouri* matter by Judge McCalla, Plaintiff failed to disclose to a federal

tribunal that his Withdrawal motion had yet to be perfected and that he had been summarily discharged by Mr. Kouri, instead falsely representing that that the withdrawal was his decision – not Mr. Kouri's:

> THE COURT: Okay. And do I have any comments from counsel on that because we do have one other counsel maybe withdrawing. Mr. Sanderson, what's our situation, as far as you're concerned?
>
> MR. SANDERSON: Mr. Sanderson. Sure thing. I filed a motion to withdraw in that case. **We had some – I decided that we were kind of going in a different direction in that case.** (See *Kouri* ECF No. 53.)

On June 14, 2022, Plaintiff once again attempted to withdraw from the *Kouri* matter (See *Kouri* at ECF No. 38.) Again, the Motion was stricken by this Court. (*Id.* at ECF No. 40.) Finally, on June 29, 2022, Mr. Sanderson made a third attempt to withdraw from the *Kouri* action, which was subsequently granted. (*Id*. at ECF No. 44.)

Thereafter, the *Kouri* action continued to be litigated and was subsequently resolved with a nationwide court approved class settlement. (*Kouri*. at ECF No. 70.) The settlement agreement detailed FedEx's ongoing obligations over a four-year period after settlement, Class-counsel's rights to receive reporting from FedEx and monitor compliance, set forth attorneys' fees and costs subject to court approval, and is enforceable and interpreted pursuant to California law.

After preliminary approval of the *Kouri* action by the California District Court, and before final approval,[2] Plaintiff filed the instant lawsuit.

In his complaint, Plaintiff sues NSHMS for breach of fiduciary duty, constructive trust, breach of implied covenant of good faith and fair dealing and quantum meruit. Plaintiff demands

---

[2] Final approval of the Class Action Settlement and approval of attorney's fees and cost was made by the California District Court by Order entered on July 25, 2023.

a judgment of $450,000 plus interest – which is exactly half of the Court-approved fees and costs award of $900,000 to Court-appointed Class counsel, as approved by Judge Garnett in the *Kouri* action. Accordingly, this dispute is for attorneys' fees arising from the Court-approved settlement of the *Kouri* action in the United States District Court for the Central District of California.

In the *Kouri* case, Judge Sherilyn P. Garnett of the USDC for the Central District of California, on July 25, 2023, entered an Order Granting Plaintiff's Motions for Approval of Class Action Settlement and for Attorneys' Fees and Costs. The *Kouri* Settlement Agreement contemplates ongoing monitoring by NSHMS as Class counsel of defendant FedEx's ongoing obligations over the four-year term of the Settlement Agreement. Accordingly, the parties in *Kouri* requested that the Court retain jurisdiction over the *Kouri* case "to enforce the Settlement Agreement and resolve any disputes that might arise during its term," and the Court agreed to do so, entering that order on July 25, 2023. *Kouri* ECF No. 70 at 18.

Judge Garnett approved Defendant's attorneys' fees and costs in her Order Granting Plaintiff's Motions for Final Approval of Class Action Settlement and for Attorney's Fees and Costs.

Plaintiff and his co-counsel in the *Alexander* matter attempted to challenge preliminary approval of the class settlement through a procedurally improper motion to intervene which was stricken by the *Kouri* court due to its infirmities. However, the Central District noted that Plaintiff could either seek intervention through a properly noticed motion or object to the Settlement Agreement through the regular settlement objection process. (see *Kouri* ECF No. 59, fn. 1) In the several months between preliminary and final approval, Plaintiff never sought to intervene and never lodged any objection. In fact, attesting to the outstanding results achieved in the litigation, no objections whatsoever were filed against approval of the *Kouri* Settlement Agreement.

In addition, Plaintiff, as counsel *Pro Hac Vice* in the *Kouri* matter, was subject to the disciplinary rules of the State of California. C.D. Cal. L.R. 83-3.1.2. In addition to the ethical rules governing attorney conflicts of interest, Plaintiff is also subject to California Rules of Professional Conduct, Rule 1.5.1, governing fee divisions among lawyers which states as follows:

(a)  Lawyers who are not in the same law firm shall not divide a fee for legal services unless:

(1)  the lawyers enter into a written agreement to divide the fee;

(2)  the client has consented in writing, either at the time the lawyers enter into the agreement to divide the fee or as soon thereafter as reasonably practicable, after a full written disclosure to the client of (i) the fact that a division of fees will be made; (ii) the identity of the lawyers or law firms that are parties to the division: and (iii) the terms of the division; and

(3)  the total fee charged by all lawyers is not increased solely by reason of the agreement to divide fees.

Compliance with the California Rules of Professional Conduct will be one of the issues relevant to this lawsuit and the Central District of California is better suited to apply these rules.

Prior to being affirmatively contacted by Plaintiff for its professional expertise, NSHMS had not previously worked with Plaintiff or his law firm.

## LEGAL ARGUMENT

**A.   Pursuant to 28 U.S.C. § 1406(a) Venue is Improper in this District Court**

U.S.C. § 1404(a) provides in pertinent part that "(a) The district court of a district in which is filed a case laying venue in the wrong division or district . . . or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." For venue, a

corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the case is commenced 28 U.S.C. § 1391(c). If a case is filed in a district in which venue is not proper the Court may transfer the case to any district in which it could have been brought. 28 U.S. C. § 1406(a).

Here there can be no dispute that Plaintiff could have (indeed should have) filed his suit in the Central District of California. The Central District of California has subject matter jurisdiction over the matter, is proper venue and in fact retained jurisdiction over disputes, including fee disputes, arising under the settlement and all parties who all appeared in the Central District litigation, are subject to the personal jurisdiction of that Court and are amendable to service of process in that district. See F.R.C.P. Rule 5(b)(2)(E).

Having established that Plaintiff could have brought his case in the USDC for the Central District of California, the Court must examine such factors as "(1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; and (4) the location of the events that gave rise to the dispute." *U.S. v. Gonzales & Conzales Bonds and Ins. Agency, Inc.*, 677 F. Supp. 2d 987, 992 (2010) (citations omitted).

No defendant resides in Tennessee, nor do any of the relevant witnesses. None of the events giving rise to Plaintiff's claim for attorneys' fees occurred in Tennessee. This case amounts to a fee dispute arising from a California case that was litigated by a California-based client in the Central District of California before the Honorable Sherilyn Peace Garnett which resulted in a Court-approved class action settlement, over which Judge Garnett maintains jurisdiction to resolve disputes arising under the settlement agreement. See *Kouri* ECF No. 70 at 18. Accordingly, this matter must be transferred to the Central District of California, the district in which it could have and should have been brought initially. 28 U.S.C. § 1406(a).

### B.     Transfer is Appropriate Pursuant to 28 U.S.C. § 1404(a)

Transfer is also appropriate pursuant to 28 U.S.C. § 1404(a). §1404(a) authorizes "[f]or the convenience of parties and witnesses, in the interest of justice, a district to transfer any civil action to any other district . . . where it might have been brought or to any district or division to which all parties have consented." The California witnesses, including Mr. Kouri, would be severely inconvenienced by litigation venued in Tennessee. Further, it is in the interest of justice to transfer this case to the Central District of California because the fee dispute: (1) arose from fees out of in a case filed in California that includes a California state law claim; (2) for a California client; (3) subject to California ethical standards and professional rules; (4) resulting in a settlement agreement governed by California law; (5) and an order entering the class settlement and awarding fees; (6) that is subject to the retained jurisdiction of the California court.  Moreover, it should have been brought in the Central District of California in the first instance. *See, e.g. U.S. v. Gonzales & Conzales Bonds and Ins. Agency, Inc.*, 677 F. Supp. 2d 987 (2010).

### CONCLUSION

Based on the foregoing, this matter must be transferred to the Central District of California, the district in which it could have and should have been brought initially. 28 U.S.C. § 1406(a); 28 U.S.C. § 1404(a).

Dated: August 15, 2023.               Respectfully submitted,

By: /s/ Robert D. Meyers
Robert D. Meyers, Bar #12187
Glankler Brown, PLLC
6000 Poplar Avenue, Suite 400
Memphis, TN  38119
Telephone:  (901) 525-1322
Facsimile: (901) 525-2389

*Attorneys for Defendant, Nye, Stirling, Hale, Miller & Sweet LLP*

## CERTIFICATE OF CONSULTATION

I consulted with Plaintiff's counsel, Robert Wampler, by phone on August 10, 2023. Mr. Wampler stated that his client opposed Defendant's Motion to Transfer.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following parties by operation of the Court's electronic filing system and/or United States Mail, postage prepaid:

Robert A. Wampler
208 Adams Avenue
Memphis, Tennessee 38103
tnatty@msn.com

*Attorney for Plaintiff, J. Luke Sanderson*

/s/ Robert D. Meyers
Robert D. Meyers

4872-6772-3638, v. 1