IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
IN THE WESTERN DIVISION

| | |
|---|---|
| J. LUKE SANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:23-cv-2487-JTF-tmp |
| | ) |
| NYE, STIRLING, HALE, MILLER & SWEET, LLP, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO TRANSFER VENUE**

Before the Court is Defendants Nye, Stirling, Hale, Miller & Sweet, LLP's Motion to Transfer Venue to the United States District Court for the Central District of California pursuant to §1406(a) and/or 28 U.S.C. § 1404(a), filed on August 15, 2023. (ECF No. 8.) Under the local rules of this district, Plaintiff J. Luke Sanderson's response was due 14 days after the Motion was served. LR 7.2. Plaintiff did not file a response even after the Court entered an Order to Show Cause as to why the Motion should not be granted due to a lack of response and opposition on August 31, 2023. (ECF No 10.) For the reasons below, the Motion to Transfer is **GRANTED** pursuant to § 1404(a).

### I.   BACKGROUND

This case pertains to a dispute about attorney's fees and costs arising out of the resolution of a class action lawsuit in the United States District Court for the Central District of California. (*See generally* ECF No. 1-1.) Plaintiff is a Tennessee licensed plaintiff's attorney, and Defendants are a California and Pennsylvania-based plaintiff's law firm. (*Id.* at 4.) On January

18, 2021, Plaintiff allegedly sought out Defendants to serve as co-lead counsel in a planned class action against several companies whose policies were in violation of the ADA. (*Id.* at 5.) On January 29, 2021, Defendants agreed to this proposal and the parties commemorated this agreement in a "Co-Counsel Agreement." (*Id.*) This agreement contained provisions detailing how the attorney's fees would be split between the parties. (*Id.*) After filing the complaint, issues arose between the parties in their cooperative efforts, and Plaintiff alleges that Defendants turned the named class representatives against him. (*Id.* at 8-9.) On February 24, 2022, the named plaintiff terminated Plaintiff as a representative in the matter. (*Id.* at 9.)

Defendants went on to serve as court-appointed class counsel in the class action which resolved with a nationwide court approved class action settlement on July 12, 2023.) (ECF No. 8-1, 1.) The settlement netted Defendants $900,000 in attorney's fees, which Plaintiff is now seeking half of, ostensibly under the Co-Counsel Agreement. (*Id.* at 18, ECF No. 1-1, 9-12.) In its Order Granting Plaintiff's Motions for Final Approval of Class Action Settlement on July 25, 2023, the court retained jurisdiction over the class action to "enforce the Settlement Agreement and resolve any disputes that might arise during its term" in an order entered on July 25, 2023. (ECF No. 8-1, 18.)

Plaintiff initially filed this Complaint in state court on June 30, 2023, alleging breach of fiduciary duty and breach of implied covenant of good faith and fair dealing, and sought declaratory judgment in addition to quantum meruit for the services rendered. (ECF No. 1-1, 9-12.) On August 8, 2023, Defendants timely removed the case to this Court under 28 U.S.C. §§ 1332(a), 1441 and 1446. (ECF No. 1, 1.) Defendants filed their Motion to Transfer Venue to the District Court for the Central District of California on August 15, 2023. (ECF No. 8.)

## II. LEGAL STANDARD

Section 1404(a) states as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In weighing the statutory factors, it is paramount to consider that Section 1404(a) provides "for a transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Dusan v. Barrack*, 376 U.S. 612, 645–46 (1964). When deciding a motion to transfer venue under § 1404(a), the Court must consider certain "case-specific factors." Sanderson v. United Parcel Serv., Inc., No. 19-CV-2085-JTF-ATC, 2023 WL 3051915, at *2 (W.D. Tenn. Jan. 9, 2023) (citation omitted). These factors are "(1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; and (4) the location of the events that gave rise to the dispute." *United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*, 677 F. Supp. 2d 987, 992 (W.D. Tenn. 2010) (citations omitted).

For venue purposes, a corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the case is commenced 28 U.S.C. § 1391(c). If a case is filed in a district in which venue is not proper the Court may transfer the case to any district in which it could have been brought.

## III. ANALYSIS

Defendants argue, and the Court agrees, that because this dispute centers around the disposition and management of the class action that was brought in the Central District of California, it would be more convenient for the parties and serve the interest of justice to transfer this matter to that court. (ECF No. 8, 8.) First, they contend that venue would be proper in the

3

Central District of California because all parties who appeared in the Central District litigation are subject to the personal jurisdiction of that Court and are amendable to service of process in that district under Federal Rule of Civil Procedure 5(b)(2)(E). (*Id.*)

Defendants then argue that all the case-specific factors favor transfer. As relevant to the first two factors, they point out that all witnesses, and the Defendants themselves reside in California. (*Id.*) They contend that it would be a significant inconvenience for them and the witnesses to litigate this matter in Tennessee. (*Id.*) They also maintain that the final two factors favor transfer insofar as this lawsuit arises out of a dispute between lawyers involved in litigating a case in a California court. (*Id.*) In particular, they argue that the fee dispute (1) arose from fees in a case filed in California that includes a California state law claim; (2) for a California client; (3) subject to California ethical standards and professional rules; (4) resulting in a settlement agreement governed by California law; and (5) an order entering the class settlement and awarding fees. (*Id.* at 9.) Last, Defendants note that the court handling the class action retained jurisdiction to "enforce the Settlement Agreement and resolve any disputes that might arise during its term" in an order entered on July 25, 2023. (ECF Nos. 8, 8 & 8-1, 18.) Because the attorney's fees were a subject of the court's order approving the settlement, they maintain that this necessarily covers the dispute in this case about attorney's fees. (ECF No. 8, 8.)

The Court finds that Defendants' Motion is well taken. First, there do not appear to be any difficulties with establishing the propriety of venue in the Central District of California, and Plaintiff has failed to raise any objection to it. Second the case-specific factors favor transfer, insofar as all the witnesses and parties involved in this matter, aside from Plaintiff, would be severely inconvenienced by having to litigate this matter in this Court, especially considering that the events giving rise to the lawsuit occurred exclusively in the Central District of

California. Plaintiff did not file a Response in opposition to this Motion, so the Court cannot readily determine how inconvenient it would be for him to litigate this case in California. Further, the Court finds Defendants' argument that this matter is within the jurisdiction retained by the Central District of California judge handling the underlying litigation. The Court does not find it to be in the interest of justice to potentially duplicate litigation and contradict the findings of a judge in another court on matters that are only peripherally related to the Western District of Tennessee. Thus, the Court finds that the convenience of the parties, and the interest of justice weigh in favor of transferring this case to the Central District of California.

## IV.   CONCLUSION

Accordingly, the Court finds that Defendants' Motion to Transfer Venue to the United States District Court for the Central District of California should be **GRANTED** pursuant to 28 U.S.C. § 1404 (a). As such, this matter is hereby **TRANSFERRED** to the Central District of California for all further proceedings.

**IT IS SO ORDERED** this 15th day of September, 2023.

*s/John T. Fowlkes, Jr.*
**JOHN T. FOWLKES, JR.
United States District Judge**
